UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

UNITED STATES OF AMERICA,

                       Respondent

        against                                  Case: 08-CR-00709 (DLC)

MARTIN SMELING. NUNEZ,

     Defendant-Petitioner

------------------------------------------------------------------------x

## PETITIONER'S REPLY MEMORANDUM

EDWARD ZALOBA, ESQ.,
**Attorney for Petitioner Nunez**
118-21 Queens Boulevard, Ste. 504
Forest Hills, NY 11375
718-261-3000
718-793-0385 fax
ezalobalaw@aol.com

To:    GEOFFREY S. BERMAN
        United States Attorney
        for the Southern District of New York
        One St. Andrew's Plaza
        New York, New York 10007
        Andrew A. Rohrbach, Assistant United States Attorney of Counsel

# TABLE OF CONTENTS

|  | Page |
|---|---|
| Preliminary Statement | 3 |
| Argument | 3 |
| **POINT I** – Nunez's counsel's representation was not objectively reasonable and that counsel could have secured a plea that did not have adverse immigration consequences and that Nunez was prejudiced | 5 |
| **POINT II** – Due Process Nunez's plea was neither voluntary nor knowingly made and violated his due process rights | 6 |
| Conclusion | 8 |

**PRELIMINARY STATEMENT**

This memorandum is respectfully submitted by the Defendant and filed in reply to the Government's memorandum of law in opposition to Defendant Martin Smeling Nunez's Petition for Writ of Error Coram Nobis.

**ARGUMENT**

**POINT I**

The Government erroneously argues that the defendant is not entitled to his 6th Amendment Right to effective assistance of counsel asserting that defendant's immigration consequences denaturalization and deportation are collateral. In effect arguing that the defendant is not entitled to effective assistance of counsel at the plea bargaining phase, which is clearly not the case. See Hill v. Lockhart 474 US, 52, 106 S. Ct. 366, Lafler v. Cooper 132, S. Ct. 1376, citing Strickland v. Washington 466 U.S. 668, 104 S. Ct. 2052 (1984). In the case at bar, the defendant was accused of crimes occurring before and after his Naturalization, (in fact one incident is alleged to have occurred the day before his naturalization). Exhibit A – Defendant's Affidavit and Exhibit C -indictment. The allegations contained in the indictment are most relevant to defendant's immigration consequence. For defendant to receive reasonable representation his attorney would have to address the indictment and how it relates to his immigration concerns, including denaturalization, possible additional criminal charges and deportation. Nunez's attorney, Garzon, made affirmative misrepresentations to defendant that there were no immigration consequences to be concerned with, you're a citizen. Exhibit A. Given the facts herein this erroneous advice constitutes ineffective assistance of counsel. The second circuit back in 2002 in U.S. v. Couto 311 F. 3d 179, held that "an affirmative misrepresentation by counsel as to the deportation consequences of a guilty plea is today objectively unreasonable" at 188. "Regardless of whether the immigration law is succinct and straight forward, if defense counsel provides "false assurance that [a defendant] conviction [or

3

guilty plea] would not result in removal." the defense counsel has not provided objectively reasonable representation" – the second circuit in <u>Whyte v. US</u> 08 CR 1330 VEC 14 CV 3598 VEC citing <u>Padilla v. Kentucky</u> 559 US 356 2010 at 368-71. See also <u>Kovac v. US</u> 744 F. 3rd 44 49, 2nd Cir. 2014, <u>U.S. v. Shaw</u> No. 03-6759 JED 2004 W.L. In <u>US v. Kwan</u> 407 F. 3rd 1005 (9th Cir. 2005) the Court held that "where, as here, counsel was not merely failed to inform, but has effectively mislead his client about immigration consequences of a conviction, counsel's performance is objectively unreasonable under contemporary standards for attorney competence".

The first circuit reversed the denial of a Coram Nobis Petition in <u>United States of America v. Vincent Castro-Taveras</u> No. 14-1879(2016) whereas a hearing was granted to determine if his ineffective assistance claim had merit. Here Counsel had erroneously advised defendant that his guilty plea would not result in deportation consequences. The Court made an in depth analysis and held:

> Hence, the legal landscape in the lower courts as of 2003 indicates that the underlying principle for Padilla's misadvice holding -- that an attorney's misrepresentation, even on a collateral matter, may constitute ineffective assistance -- was so embedded in the fabric of the Sixth Amendment framework that "all reasonable jurists," Lambrix, 520 U.S. at 528, would have agreed that Strickland applied to misadvice claims on deportation consequences.

This holding is consistent with the holding previously cited in defendant's memorandum (See <u>US v. Kovacs</u> 744, F. 3rd 44, 2nd Cir. and <u>US v. Rodriguez</u> 16 cv 3739 2nd Cir. 2018, et al.)

Garzon's affirmative misrepresentations that defendant's plea would have no adverse immigration consequences is objectively unreasonable. Here Nunez not only inquired several times concerning any immigration consequences but also provided him with a Certificate of Naturalization. Garzon repeatedly advised defendant that he had nothing to worry about because defendant was a citizen. Exhibit A. Counsel's affirmative misrepresentation fell below

an objective standard of reasonableness in light of prevailing norms.  (See Castro-Taveras Id., Rodriguez, Kovacs, Shaw et al).

Whether a defendant is prejudiced requires "a case by case examination" Williams v. Taylor 524 US 362, 391 2000 of the totality of the evidence. Strickland 466 US at 695, USA v. Rodriguez.  The first inquiry is whether but for counsel's unprofessional errors -there was a reasonable probability that the petitioner could have negotiated a plea that did not have such impact upon his immigration status.

Initially, it must be determined whether the defendant placed particular emphasis on immigration consequences.  As set forth in defendant's statement of facts- immigration concerns were of paramount importance to Nunez.  As set forth in Defendant's Affidavit – his children - are all citizens, wife and parents and siblings all reside here and he has been gainfully employed as a carpenter both prior and after his arrest.  This information was provided to attorney Garzon orally, and in addition thereto there were other letters indicating positive communities ties which attorney Garzon failed to provide in his downward departure letter to the Court.  Moreso, Garzon failed to timely provide the Court with his downward departure prior to sentence.  The above facts are also verified in Pre Sentence Report Exhibit E.

There was no dialogue before the Court at either defendant's plea or sentence demonstrating a focus on avoiding negative immigration consequences, this cannot be considered surprising given counsel early and continued assurances that there was nothing to worry about because he was a citizen.  Although the record is silent (plea and sentencing minutes) as to whether any discussion or negotiations ever took place concerning the possibility of denaturalization, the defendant's affidavit indicates he never heard the word until 2017 upon receiving the complaint.  Exhibit A paragraph 20.  Moreso, a clear inference can be drawn that attorney Garzon's affirmative misrepresentation was based upon his erroneous understanding of the law.  This inference is supported by examining the circumstances surrounding the plea.  The defendant's plea was to conduct occurring prior to the defendant's naturalization and one

allegation after. The indictment did have four (4) allegations, two of which occurred after the naturalization. The acceptance of the plea under these circumstances unequivocally indicates that Garzon made no attempt to negotiate a plea with little or no immigration consequences. A plea solely to the conduct occurring after defendant's naturalization would at the very least been preferable for immigration purposes. This performance by Garzon would be consistent with his erroneous advice repeatedly provided to defendant. Furthermore, my adversary points out in his opposition that denaturalization was relatively rare in 2008, hence this logic would strongly suggest that the government would be much more amenable to negotiate a plea where they either agreed not to seek denaturalization or alternatively, set forth a different charge or agreed to a factual allocution reducing the possibility of denaturalization. Given defendant's family and community ties, employment history and his length of time in this country – it is most probable that an appropriate plea could have been negotiated. See US v. Rodriguez Id. footnote 2. Garzon's complete failure to reasonably negotiate a favorable immigration plea has significantly prejudiced the defendant. Although the Court in defendant's denaturalization matter denied the government's motion for judgment on the pleadings, the pleas and sentence minutes are still being used against the defendant in said matter and defendant is prejudiced thereby.

## POINT II

### Due Process

As noted previously, Garzon's failure at both the plea and sentence to alert the Court of the negative immigration impact of the plea prevented the Court from warning the defendant of immigration concerns as well as denying the Court the opportunity to obtain a knowing and voluntary plea from the defendant, hence a violation of due process rights.

In addition, at the time of defendant's arrest, plea and sentencing, the government possessed knowledge that the defendant allegedly committed perjury on his immigration forms, that he could be subject to both denaturalization and deportation. The U.S. Department of Justice's Justice Manual requires that "Plea agreement should reflect the totality of a

defendant's conduct" Section 9-27.400 (2018).  This same section can be found in the U.S. Department of Justice Archives, - Principles of Federal Prosecution – 1997.  The prosecutorial rules also require the government to correct inaccuracies and or omissions relevant to sentencing (9-27.720 et al).  Furthermore, the government is obligated to provide knowledge and clarity during the plea and sentencing. (See Correale v. US 479 F 2d 1973).  The U.S. Sentencing Commission Report 2018 Recurring Ethical Issues related to Federal Sentencing - footnote 28, as well as U.S. Department of Justice Manual (Sections 9-27.710, 9-27.720 et al) both require:

> The prosecutor should assist the court in basing its sentencing on *complete and accurate information* for use in the presentencing report. The prosecutor should disclose to the court *any information* in the prosecutor's files relevant to the sentence.  If incompleteness or inaccurateness in the presentence report comes to the prosecutor's attention, the prosecutor should take steps to present the *complete and correct information* to the court and to defense counsel.

Despite the government's ethical and prosecutorial obligations they chose to conceal from the Court's consideration the fact that the plea would have direct impact upon defendant's immigration status.  The Court should have been alerted to these most relevant factors at both defendant's plea and sentence.   The government's conduct and knowledge at the time of Nunez's plea and sentence must be imputed to the government in its present position.  The government's conduct not only appears to have taken advantage of attorney Garzon's incompetence but moreso precluded the Court from obtaining knowing and voluntary plea.  As a result of the government's failure to act in accordance with the ethical and prosecutorial requirements, the defendant's due process rights were violated.  In light of the government's conduct, their arguments should be struck or found to be without merit.

When Nunez entered his plea, his understanding was that he would serve his prison time, complete supervision and this chapter of his life would be over.  Nunez, a man with a tenth grade education, was lead to believe by counsel that his plea and sentence would provide

7

closure-finality. He accepted his punishment and anxiously looked forward to being reunited with his children and family. He was neither cognizant of his attorney's deficient performance nor was he aware that the government would conceal his immigration concerns from both the Court as well as himself and seek to deport him over 8 years later. The defendant has suffered violations of both his 6th and 5th amendment rights resulting in both injustice and a fundamental error in the criminal proceeding herein.

## CONCLUSION

The defendant prays that this Court grant his writ of error coram nobis and vacate his plea and conviction.

Dated: December 18, 2019
       Queens, New York

Respectfully Submitted,

*Edward Zaloba* (signature)

EDWARD ZALOBA, ESQ.,
Attorney for Petitioner Nunez
118-21 Queens Boulevard, Ste. 504
Forest Hills, NY 11375
718-261-3000
718-793-0385 fax
ezalobalaw@aol.com